ion expressly encompassed nothing more than "mere advocacy," 395 U. S., at 449.

The principle identified in our *Brandenburg* opinion is that "the constitutional guarantees of free speech and free press do not permit a State to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Id.*, at 447. While the requirement that the consequence be "imminent" is justified with respect to mere advocacy, the same justification does not necessarily adhere to some speech that performs a teaching function. As our cases have long identified, the First Amendment does not prevent restrictions on speech that have "clear support in public danger." *Thomas* v. *Collins*, 323 U. S. 516, 530 (1945). Long range planning of criminal enterprises—which may include oral advice, training exercises, and perhaps the preparation of written materials—involves speech that should not be glibly characterized as mere "advocacy" and certainly may create significant public danger. Our cases have not yet considered whether, and if so to what extent, the First Amendment protects such instructional speech. Our denial of certiorari in this case should not be taken as an endorsement of the reasoning of the Court of Appeals.

No. 02–30. STEWART, DIRECTOR, ARIZONA DEPARTMENT OF CORRECTIONS *v.* SPEARS. C. A. 9th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied.

No. 02–262. TECHSEARCH L. L. C. *v.* INTEL CORP. C. A. Fed. Cir. Certiorari denied. JUSTICE O'CONNOR and JUSTICE BREYER took no part in the consideration or decision of this petition.

No. 02–5313. ALDERMAN *v.* HEAD, WARDEN. Sup. Ct. Ga. Certiorari denied. JUSTICE BREYER would grant certiorari.

No. 01–8204. JACOBS *v.* MCCAUGHTRY, WARDEN, 535 U. S. 995; and

No. 01–10203. FUELL *v.* UNITED STATES, 536 U. S. 932. Petitions for rehearing denied.